While this cause was pending in this court, and prior to the decision rendered on April 4, 1945, the plaintiff-appellant Florence Ella Baker departed this life. Her sole heirs, Effie Cary and Charles Griffin, were recognized and sent in possession of her property by judgment of the 19th District Court for the Parish of East Baton Rouge on April 16, 1945. The said Effie Carry and Charles Griffin have appeared and filed an application for a rehearing for the sole purpose of allowing the substitution of applicants as plaintiffs in lieu of Florence Ella Baker, deceased.
The defendant-appellee, Louis Phillip Baker, has also filed an application for a rehearing, informing the Court of the death of plaintiff, Florence Ella Baker, and complaining that we erred in several respects, particularly "in eliminating, without considering, from the issue involved the nature or legal effect of the purported sale of the property involved by the appellee to Ronaldson and Puckett in the year 1899, prior to his marriage to the plaintiff", and in sustaining the objection to parol evidence as affecting the deed of October 21, 1902, contending that proper allegation of fraud and error had been made in his answer, and citing authorities.
Since plaintiff had died and her heirs had not been made parties plaintiff prior to the rendition of our opinion, it becomes necessary that we grant a rehearing in order that the heirs can be made parties plaintiff. However, the rehearing must be limited to that purpose, unless we find that we committed prejudicial error against defendant as contended by him.
We have carefully read the many authorities cited by defendant-appellee, both in his brief on the hearing and in the brief on his application for rehearing, and have carefully reconsidered the case. Although defendant argues that we erred in not considering his contentions, it is our opinion that the authorities cited by him are inapposite to the case at bar and that, in so far as this case is concerned, the only act in which plaintiff is concerned is that of date of October 21, 1902; that is, the act wherein Ronaldson and Puckett Co., Ltd., transferred to defendant the property in question for a recited cash consideration of $300. Unless the Supreme Court reverses itself in the cases cited in our opinion, we are bound to follow such cases, and we feel that we have not committed any error in holding that parol evidence was inadmissible to vary, contradict or alter the act of October 21, 1902, and in holding that the property transferred was community property.
For these reasons, it is ordered that a rehearing is hereby granted for the sole purpose of substituting the heirs of plaintiff as parties plaintiff and no further.
It is further ordered that Effie Cary and Charles Griffin, as surviving heirs, be and they are hereby substituted as parties plaintiff in this case in lieu of Florence Ella Baker, and our former opinion and decree of date of April 4, 1945, is hereby amended accordingly.
It is further ordered that our former opinion and decree as thus amended is reinstated and made final.
The application for rehearing on behalf of defendant is denied.